# Commonwealth v. Clevenstine, Appellant.

*Criminal law—Embezzlement—Collector of school taxes—Statute of limitations.*

The conviction of the tax collector for embezzling taxes of a school district collected by him will be sustained, where the evidence shows that the defendant had admitted when called upon by the secretary of the district and his sureties to pay over the moneys in his hands, that there were only a few dollars on the books to be collected, and that there must be a mistake; but that he never gave any other explanation, nor made any effort to show what the mistake was, and never made any attempt at explanation, although he knew that his sureties were pressed for payment, and had actually paid to the school board the amount apparently due from him as collector.

In such a case the Limitations Act of June 12, 1878, P. L. 196, applies, which permits an indictment to be commenced and prosecuted at any time within four years from the time the alleged defense was committed in the case of misdemeanors of officers, agents or employees of any municipal or quasi municipal corporation. A school district is a quasi municipal corporation within the meaning of the act.

Argued Nov. 20, 1916. Appeal, No. 220, Oct. T., 1916, by defendant, from judgment of Q. S. Chester Co., on verdict of guilty in case of Commonwealth v. Rollin E.

126 COMMONWEALTH *v.* CLEVENSTINE, Appellant.

Clevenstine. Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ. Affirmed.

Indictment for embezzlement. Before Hause, J.

At the trial the jury returned a verdict of guilty. In an opinion overruling a motion in arrest of judgment Hause, J., stated the facts to be as follows:

On April 26, 1916, the grand jury returned as true an indictment charging the defendant with having, as collector of taxes for the school district of the Borough of Spring City, embezzled taxes collected by him for the district. He was indicted under the Act of June 3, 1885, P. L. 72, entitled, "An Act to punish defaulting tax collectors," making the offense a "misdemeanor." The offense was laid in the indictment as having been committed on February 12, 1916. He was tried April 26, 1916, and convicted of having embezzled taxes collected on duplicates for the years 1909, 1910, 1911, 1912 and 1913.

For several years past defendant has been elected tax collector in the Borough of Spring City. He duly qualified, received duplicates of taxes for collection from the school board of the district and proceeded with their collection. In December, 1915, he reported to the school authorities that there were balances of taxes then outstanding as follows: On the duplicate for 1909, $15.30; duplicate for 1910, $80.29; duplicate for 1911, $775.47; duplicate for 1912, $230.16, and duplicate for 1913, $346.11. The district insisted that these balances should be forthwith paid and they were paid by the defendant's bondsmen. His arrest followed an interview had with him on January 24, 1916, by the solicitor for the school district and one of his bondsmen.

At this interview he was asked whether or not the taxes as previously reported by him were uncollected and he admitted, in substance, that but a small amount, on the five duplicates, was unpaid but insisted that there must be a mistake in his accounts. When charged by the

bondsmen with having collected the taxes referred to and misappropriating them, he admitted, in effect, that he had done so but stated that he would not admit he had done so "wrongfully." On these admissions, and there was no other testimony as to misappropriations, he was convicted. The exact date or dates of the misappropriations did not appear. The indictment charged the embezzlement of the balance of the taxes on the five duplicates named.

*Error assigned,* among others, was in refusing binding instructions for defendant and in overruling motion in arrest of judgment.

*J. Paul MacElree,* with him *Guy W. Knauer,* for appellant.—It is contended that under the law and the evidence in this case there is no evidence to warrant or support a conviction here. The statute of limitations applies: Culp v. Com., 109 Pa. 363; Com. v. Slingluff, 3 Montgomery Co. Rep. 205; Com. v. Powell, 23 Pa. Superior Ct. 370.

*Truman D. Wade,* District Attorney, with him *Harris L. Sproat,* Assistant District Attorney, for appellee.— The statute of limitations cannot avail the defendant in this case: Com. v. Alsop, 1 Brewster 328; Com. v. Beamish, 81 Pa. 389; Briegel v. Philadelphia, 135 Pa. 458.

OPINION BY HENDERSON, J., March 13, 1917:

The defendant was convicted of the embezzlement of school taxes with the collection of which he was charged as collector of taxes for the years 1909, 1910, 1911, 1912 and 1913. There was a balance of tax on each of the duplicates in his hands for these years amounting in the aggregate to $1,391.19, which was not returned to the school board and for which the defendant failed to account. Frequent demands were made on him by the

secretary of the school board to settle his accounts and he was often importuned by his sureties to the same effect. He said at different times that he could not get his taxes in; that it was a difficult matter to get money in, and that he would proceed to make collections. Nothing having been accomplished as the result of the efforts of the secretary and sureties the latter paid to the school board the amount shown to be due according to the reports made by the defendant to the school board. At a meeting held at which he and his bondsmen were present he said that there were only a few dollars on the books to be collected; that there must be a mistake. But no other explanation was given nor was any effort made by him to show how a mistake could have occurred. When threatened with a `prosecution he made no effort to account for the discrepancy between the collections made and the sum shown to be due by the duplicates in his hands. At a later date he paid $200 to apply on the account. Two defenses were presented at the trial. The first was that the evidence was not sufficient to support the charge; and the second, that the prosecution was barred by the statute of limitations. The learned trial judge held that the evidence offered by the Commonwealth was sufficient to call for the submission of the case and we are not convinced that this was error. The defendant's declarations proved at the trial made in the circumstances in the light of the fact that no attempt was made to show any mistake or to make it appear that the fund charged against him had not been collected although he knew that his sureties were pressed for payment and had actually paid to the school board the amount apparently due from him as collector, furnishes support to the inference that some of the money, at least, was in his hands and not accounted for.

The position that the prosecution was barred after the lapse of two years is not tenable. The sixth section of the Act of June 12, 1878, P. L. 196, permits an indictment to be commenced and prosecuted at any time with-

in four years from the time the alleged offense was committed in the case of misdemeanors of officers, agents or employees of any municipal or quasi municipal corporation. A school district is a quasi municipal corporation and the period of limitation as applied to the defendant's case is four years. No evidence was offered showing when any particular appropriation of funds was made by the defendant but clearly any sum coming into his hands and unlawfully retained by him during the year, 1913, and after April, 1912, would be a misappropriation within the statutory period. There was nothing in the case which would have sustained the action of the court in affirming the defendant's second point relating to the statute of limitations. The earnest argument of the learned counsel for the appellant has not satisfied us that error was committed by the trial court.

The assignments are overruled, the judgment is affirmed and the record remitted to the court below to the end that the sentence may be carried into effect.